**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Deckers Outdoor Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Angelina Migliore aka Angie Migliore aka )<br>Angelina Richter, Gino Migliore and DOES 1- )<br>10, )<br>)<br>)<br>Defendants. )<br>)<br>_____) | Civil Case No. 11-cv-6836 |

## COMPLAINT

Plaintiff Deckers Outdoor Corporation ("Deckers"), through undersigned counsel, alleges as follows:

### NATURE OF THE ACTION

1. This is an action by Deckers to combat and cease the willful sale of unlicensed, infringing and counterfeit products bearing Deckers' exclusive trademarks. Defendants in this action are sellers of infringing and counterfeit footwear.

2. As a direct and proximate result of Defendants' unlawful and active manufacturing, purchasing, distributing, offering for sale and selling such unlicensed, infringing and counterfeit UGG footwear, Deckers is irreparably harmed. Deckers seeks a permanent injunction, damages, costs and attorney's fees as authorized by the Lanham Act and Illinois law.

### JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a), (b),

and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. This Court may properly exercise personal jurisdiction over Defendants because Defendants reside and do business in the Northern District of Illinois, purposefully direct their business activities toward consumers in Illinois, derive a commercial benefit from their contacts with the State of Illinois and Defendants are causing harm to Deckers' business within the State of Illinois.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). A substantial part of the events giving rise to Deckers claims occurred in this judicial district.

## THE PARTIES

6. Deckers is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Goleta, California. Deckers designs and markets footwear identified by its famous UGG trademark.

7. Angelina Migliore aka Angie Migliore aka Angelina Richter, is an individual who, upon information and belief, resides in the State of Illinois at 130 Grace Lane, Barrington, Illinois 60010.

8. Gino Migliore is an individual who, upon information and belief, resides in the State of Illinois at 130 Grace Lane, Barrington, Illinois 60010.

9. Upon information and belief, Gino Migliore owns the residence at 130 Grace Lane, Barrington, IL 60010 where boots bearing counterfeit UGG labels were sold.

10. Defendant Does 1-5 are, upon information and belief, individuals who reside and/or conduct substantial business within this Judicial District. Further, Does 1-5 are directly and personally contributing, inducing and engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants. Deckers is presently unaware of the true names of Does 1-5. Deckers will amend this Complaint upon discovery of the identities of such Defendants.

11. Defendant Does 6-10 are business entities which, upon information and belief, are located and\or conduct business within this Judicial District. Moreover, Does 6-10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants. Deckers is presently unaware of the true names of Does 6-10. Deckers will amend this Complaint upon discovery of the identities of such Defendants.

## FACTUAL ALLEGATIONS

**Deckers' Famous UGG Mark**

12. Deckers is famous throughout the United States and elsewhere as a source of high quality footwear products, including the UGG brand of premium sheepskin footwear. Deckers' UGG products are distributed and sold to consumers by retailers throughout the United States, the uggaustralia.com website and UGG Concept Stores.

13. Since acquiring the UGG trademark and the goodwill of the business in 1995, Deckers has continuously sold footwear and clothing under the UGG trademark (the "UGG Trademark"). Deckers has built substantial goodwill in the UGG Trademark. The UGG Trademark is famous and a valuable asset of Deckers.

14. Deckers holds registrations for the UGG Trademark (and stylized variations) in more than 100 countries around the world including U.S. Trademark Registration No. 3,050,925. The UGG Trademark has been used continuously since at least as early as 1979 by Deckers and its predecessors in interest. A true and correct copy of United States Registration No. 3,050,925 is attached hereto as Exhibit 1. This registration is valid and subsisting.

15. The UGG Trademark is inherently distinctive when applied to high quality apparel, footwear and related merchandise, signifying to the purchaser that the products come from Deckers. Whether Deckers manufactures the products itself, or licenses others to do it, Deckers has insured that products bearing its UGG Trademark and other trademarks are manufactured to the highest quality standards. Deckers' products branded under the UGG Trademark have been widely accepted by the public and are enormously popular, as demonstrated by hundreds of millions of dollars in sales each year. The UGG Trademark is a famous mark.

**Defendants' Illegal Activity**

16. Defendant Angelina Migliore is selling, offering for sale, distributing, promoting and advertising footwear marked with counterfeit versions of the UGG mark in interstate commerce.

17. On or about February 9, 2011, Deckers' attorneys were provided with information indicating that Defendant Angelina Migliore was selling, offering for sale, distributing, promoting and advertising footwear marked with counterfeit versions of the UGG mark in interstate commerce, including at parties in her home at 130 Grace Lane, Barrington, IL 60010.

18. On information and belief, Defendant Angelina Migliore owns the domain name lulussecrets.com and operates the website at lulussecrets.com.

19. A private investigator was hired by Deckers to investigate the Defendant Angelina Migliore and her sales. On or about February 16, 2011, Deckers' investigator visited the website at lulussecrets.com and accessed a link that depicted at least five styles of counterfeit UGG boots for sale, which is attached hereto as Exhibit 2. On the same date, the investigator contacted Defendant Angelina Migliore at the telephone number (847) 910-6885 provided on the website at lulussecrets.com. During the call, Defendant Angelina Migliore informed the investigator that she hosts house parties selling UGG boots and designer handbags and encouraged the investigator to host a party or stop by her house to see the merchandise she had for sale. Defendant Angelina Migliore instructed the investigator to visit her website at lulussecrets.com and stated that any product that was displayed on the website was kept in stock in her residence.

20. On February 25, 2011, the investigator telephoned Defendant Angelina Migliore and made arrangements to travel to her residence on February 26, 2011 to view the products that she was offering for sale.

21. On February 26, 2011, the investigator visited the residence at 130 Grace Lane, Barrington, Illinois. Upon information and belief, Defendant Angelina Migliore directed the investigator to a room with more than a dozen products bearing a counterfeit UGG label. Upon information and belief, Defendant Angelina Migliore indicated that she sells high-quality "knockoff merchandise" and that she "sells UGG boots for $90 a pair when the real boots sell for $240 a pair." The investigator selected a pair of size 10 boots bearing a counterfeit UGG mark and purchased this item for $90.

22. On April 4, 2011, a cease and desist letter was sent by Deckers' counsel to Defendants Angelina Migliore and Gino Migliore at 130 Grace Lane, Barrington, IL 60010

demanding, among other things, an accounting of all counterfeit UGG sales. Defendants did not respond. A follow-up letter was sent on April 27, 2011. Defendants also failed to respond to this letter.

23. At all times pertinent to this matter, Defendant Gino Migliore knew, or, should have known that counterfeit UGG products have been offered for sale and sold at the residence located at 130 Grace Lane, Barrington, IL 60010.

24. Upon information and belief, Defendant Gino Migliore had the ability and control to stop the infringing activity, and did nothing to stop the offering for sale and sale of counterfeit UGG items. Defendant Gino Migliore has acted to assist, facilitate, enable, aid and abet, and/or conceal such unlawful activity.

25. Upon information and belief, Angelina Migliore and Gino Migliore (the "Defendants") act in active concert to purchase, distribute, offer for sale and sell unlicensed, infringing and counterfeit footwear.

26. Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Deckers' rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Deckers' UGG Trademark.

27. Defendants' use of the UGG Trademark in connection with the advertising, distribution, offering for sale and sale of counterfeit UGG products is likely to cause and has caused confusion, mistake and deception by and among consumers and is irrevocably harming Deckers.

## COUNT I

### Trademark Infringement 15 U.S.C. § 1114, 1125

28. Deckers repeats and alleges the allegations set forth in paragraphs 1 through 27 above, as if set forth fully herein.

29. Deckers owns the exclusive rights to the UGG Trademark. Deckers' use of the UGG Trademark in the United States predates that of Defendants.

30. Defendants' use of the UGG Trademark without the authorization of Deckers is likely to deceive and cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Defendants' goods and the sponsorship or endorsement of those goods by Deckers. The footwear sold by Defendants bearing the UGG Trademark is counterfeit.

31. Despite the fact that Defendants have actual knowledge of Deckers' rights to the UGG Trademark, Defendants have used, and upon information and belief, will continue to use the UGG Trademark in complete disregard of Deckers' rights unless enjoined.

32. Defendant's conduct complained of herein is knowing, willful, and deliberate entitling Deckers to an accounting of Defendant's profits, increased damages, and attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

33. As a direct and proximate result of Defendants' unlawful infringement, Deckers has suffered damages and will continue to suffer damages. Deckers is entitled to all available relief provided for in 15 U.S.C. § 1117, 118 and 1125 including (a) preliminary and permanent injunctive relief, (b) at Deckers' election, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or an

amount representing three (3) times Deckers' damages and/or Defendants' illicit profits; and (c) reasonable attorney's fees, investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

## COUNT II

### Unfair Competition and False Designation of Origin 15 U.S.C.§ 1125(a)

34. Deckers repeats and re-alleges the allegations set forth in paragraphs 1 through 33 above, as if set forth fully herein.

35. Defendant's conduct alleged herein constitutes unfair competition and unfair business practices in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) because Defendant is likely to cause mistake or to deceive as to the affiliation, connection, and association between Defendant and Deckers and as to the origin, sponsorship, and approval of Defendant's services.

36. Without injunctive relief, Deckers has no means by which to control Defendants' unfair and confusing use of the UGG Trademark. Deckers is therefore entitled to injunctive relief prohibiting Defendants from continuing such acts of unfair competition.

37. Defendants' conduct complained of herein is knowing, willful, and deliberate entitling Deckers to an accounting of Defendant's profits, increased damages, and attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

38. As a direct and proximate result of Defendants' unlawful infringement, Deckers has suffered damages and will continue to suffer damages. Deckers is entitled to all available relief provided for in 15 U.S.C. § 1117, 1118 and 1125 including preliminary and permanent injunctive relief, Defendants' profits, treble damages, costs and attorneys' fees.

**COUNT III**

**Dilution of Famous Mark 15 U.S.C. § 1125 (c)**

39. Deckers repeats and realleges the allegations set forth in paragraphs 1 through 38 above, as if set forth fully herein.

40. As a result of Deckers' continuous promotion of its products in conjunction with the UGG Trademark, the UGG Trademark has become recognized as distinctive and famous.

41. Defendants' use in commerce of the UGG Trademark began after the UGG Trademark had become famous and has caused dilution of the distinctive quality of the mark. Such conduct has caused injury to Deckers pursuant to 15 U.S.C. § 1125(c).

42. Such dilution has occurred as a direct result of Defendants' display, advertising and promotion of the infringing footwear and other merchandise.

43. Defendants willfully intended to trade on Deckers' reputation and/or to cause dilution of the famous UGG Trademark. Accordingly, Deckers is entitled to recover its damages, as well as Defendants' profits received as a result of the infringement, pursuant to 15 U.S.C. § 1117(a).

44. Unless Defendants' conduct is enjoined, Defendants will continue their acts of dilution and Deckers and its goodwill and reputation will suffer irreparable injury. Accordingly, Deckers seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c)(1).

45. As a direct and proximate result of Defendants' unlawful infringement, Deckers has suffered damages and will continue to suffer damages. Deckers is entitled to all available

9

relief provided for in 15 U.S.C. § 1117, 1118 and 1125 including preliminary and permanent injunctive relief, Defendants' profits, treble damages, costs and attorneys' fees.

## COUNT IV

**Violation of Illinois Uniform Deceptive Trade Practices Act 815 ILCS § 510,** *et seq.*

46. Deckers repeats and realleges the allegations set forth in paragraphs 1 through 45 above, as if set forth fully herein.

47. Defendant's conduct alleged herein constitutes a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 I.L.C.S. 510/1, et seq. because it is likely to cause confusion or misunderstanding as to the affiliation, connection and association between Defendant and Deckers and as to the origin, sponsorship, and approval of Defendant's services.

48. Defendant has willfully engaged in these deceptive practices.

49. Deckers has been, and is likely to continue to be damaged as a result of the Defendant's misleading and deceptive practices. Unless enjoined by this Court, Defendant will continue said deceptive and misleading practices, thereby deceiving and confusing the public and causing Deckers immediate and irreparable injury.

## COUNT V

**Illinois Consumer Fraud and Deceptive Business Practices Act 505 I.L.C.S. §505 et seq.**

50. Deckers realleges and incorporates by reference paragraphs 1 through 49.

51. Defendant's conduct alleged herein constitutes unfair competition and unfair business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 I.L.C.S. §505 et seq., because it is conduct conducted in commerce that is likely to cause mistake or to deceive as to the affiliation, connection, and association between Defendant and Deckers and as to the origin, sponsorship, and approval of Defendant's services.

52. As a direct and proximate result of Defendant's conduct alleged herein, Deckers has been and will likely continue to be substantially injured in its business; and endure substantial damage to its goodwill and reputation.

53. Without injunctive relief, Deckers has no means by which to control Defendant's unfair and confusing use of Deckers' UGG Trademark. Deckers is therefore entitled to injunctive relief prohibiting Defendants from continuing such acts of unfair competition.

54. Deckers is further entitled to recover the damages it has, and will continue to, sustain as a result of Defendant's misleading and deceptive practices, including, but not limited to, all of Defendant's profits as a result of the Defendant's misleading and deceptive practices, and Deckers' attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Deckers prays that the Court enter an Order against Defendants as follows:

1) Permanently enjoining Defendants, their officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

    a) further infringing the UGG Trademark by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Deckers, including, but not limited to footwear and related merchandise, bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the UGG Trademark ("Counterfeit UGG Products");

b) using any simulation, reproduction, counterfeit, copy or colorable imitation of the UGG Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution (including, but not limited to, through use of the Defendant Website) of Counterfeit UGG Products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Deckers, or to any goods sold, manufactured, sponsored or approved by, or connected with Deckers;

c) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by Defendants are in any manner associated or sponsored by or connected with Deckers, or are sold, manufactured, licensed, sponsored, approved or authorized by Deckers;

d) engaging in any other activity constituting unfair competition with Deckers, or constituting an infringement of Deckers' UGG Trademark or of Deckers' rights in, or to use or to exploit, said trademarks, or constituting any dilution of any of Deckers' names, reputations, or good will;

e) effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (e);

f) secreting, destroying, altering, removing or otherwise dealing with the Counterfeit UGG Products or any books or records which may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing,

12

        offering for sale, advertising, promoting or displaying of all unauthorized products which infringe Deckers' UGG Trademark; and

   g) aiding, abetting, contributing to or otherwise assisting anyone from infringing upon Deckers' UGG Trademark.

2) Directing that Defendants to immediately deliver for destruction all Counterfeit Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing the UGG Trademark or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

3) Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Deckers, or related in any way to Deckers' products.

4) That Deckers be awarded from Defendants, as a result of Defendants' sale of Unauthorized Products bearing the UGG Trademark, three times Deckers' damages therefrom and three times of each of Defendants' profits therefrom, after an accounting, or, in the alternative statutory damages, should Deckers opt for such relief, consisting of Two Hundred Thousand Dollars ($200,000.00) for each infringing product bearing the UGG Trademark, and to the extent this Court concludes such infringement was willful, Two Million Dollars ($2,000,000), for the UGG Trademark infringed upon by each of the Defendants, pursuant to 15 U.S.C. § 1114 and § 1117.

5) Awarding Deckers three times Deckers' damages therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117.

6) Awarding Deckers its reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. § 1117.

7) Awarding Deckers punitive damages for Defendants' willful acts of unfair competition under Illinois law.

8) Awarding Deckers its costs in bringing this action.

9) Awarding Deckers any further relief that this Court deems just and proper.

Dated this 28th day of September 2011.

        Respectfully submitted,

        Attorneys for Plaintiff Deckers,

        By: /s/Justin R. Gaudio

        Kevin W. Guynn
        Amy Ziegler
        Justin R. Gaudio
        Greer, Burns & Crain, Ltd.
        300 South Wacker Drive
        Suite 2500
        Chicago, Illinois 60606
        312.360.0080
        312.360.9315 (facsimile)
        jgaudio@gbclaw.net